UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE HUGO GARCIA,<br><br>        Plaintiff,<br><br>v.<br><br>FERRARA PAN CANDY CO, INC.,<br><br>        Defendant. | ) FILED: JULY 11, 2008<br>) 08CV3955<br>) JUDGE GUZMAN<br>) MAGISTRATE JUDGE SCHENKIER<br>) EDA<br>)<br>) **Plaintiff Demands**<br>) **Trial By Jury**<br>)<br>) |

## COMPLAINT AT LAW

Plaintiff, JOSE HUGO GARCIA (hereinafter "Garcia"), by and through his attorneys, Caffarelli & Siegel Ltd., for his Complaint at Law, complains against Defendant FERRARA PAN CANDY CO., INC. (hereinafter "Ferrara Pan" or the "Company") as follows:

### NATURE OF ACTION

1.    This is an action for damages and injunctive relief caused by the Defendant's interference with Plaintiff's rights the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. § 2615.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3.    The unlawful employment practices described herein were committed within the State of Illinois, in one of Defendant's facilities in Forest Park, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4.    Plaintiff, Jose Hugo Garcia, is a resident of DuPage County, Illinois. He was employed by Defendant from in or about 1999 until on or about August 14, 2006. Plaintiff was

an "employee" of Ferrara Pan within the meaning of 29 U.S.C. § 2611(2)(A) at the time he was terminated. Garcia is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Ferrara Pan employs more than 50 employees within 75 miles of his worksite.

5. Defendant Ferrara Pan is an Illinois corporation doing business in the State of Illinois, engaged in an industry affecting commerce with its facility located at 7301 Harrison Street, Forest Park, Illinois 60130-2016. Ferrara Pan was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## FACTUAL ALLEGATIONS

6. Garcia began working for Defendant in or about 1999 as an assembly line worker. Throughout his employment, Garcia performed his job satisfactorily.

7. In the year prior to August of 2006, Garcia had worked for Defendant on a full-time basis, and had worked more than 1,250 hours.

8. After leaving work on Friday, August 4, 2006, Garcia began to feel extremely ill. Specifically, he began experiencing severe stomach pains. The pain was so severe that Garcia scheduled an appointment to see his doctor.

9. On or about Monday, August 7, 2006, Garcia attended the appointment with his doctor prior to the start of his scheduled shift at Ferrara Pan. Garcia's doctor examined him and diagnosed him with Peptic Ulcer Disease.

10. Peptic Ulcer Disease constitutes a "serious medical condition" within the meaning of the FMLA and requires continuing treatment by a physician.

11. During his doctor's appointment on or about August 7, 2006, Garcia's doctor provided him with a doctor's note indicating that Garcia was totally incapacitated because of his

Peptic Ulcer Disease and that, as a result, Garcia would not be able to return to work until the following Monday, August 14, 2006.

12. Shortly following the doctor's appointment, and prior to his scheduled shift, Garcia drove to Defendant's facility and personally left a copy of the doctor's note with a Company representative.

13. Per his doctor's instructions, Garcia remained off of work the following week.

14. On or about August 14, 2006, the day that Garcia was scheduled to return to work per his doctor's instructions, he had not yet recuperated.

15. Garcia made another appointment with his doctor prior to his scheduled shift at Ferrara Pan, at which time his doctor examined him and provided him with another note indicating that he was still unable to work due to Peptic Ulcer Disease, and that Garcia would not be able to return to work until the following Monday, August 21, 2006.

16. On or about August 14, 2006, the same day as his second doctor's appointment, Garcia once again drove to Defendant's facility and personally left a copy of the doctor's note with a Company representative.

17. On or about August 21, 2006, per his doctor's instructions, Garcia had recuperated to the point where he felt healthy enough to work, and returned to work.

18. After arriving to work but before he clocked in that day, Garcia went to his employee mailbox to see if he had any work-related mail.

19. In his box, Garcia found a letter from the Company, which he had not received in the mail and which was dated August 14, 2006. The letter was from the Company's human resources manager and stated, "I am in receipt of a doctor's note you hand delivered to our

Receptionist today (August 14). Due to the fact that you are no longer employed by Ferrara Pan Candy Company, I am returning your medical documentation back to you."

20. After he read the letter, Garcia went to the human resources office to question why the letter indicated he was no longer employed by the Company and to remind Ferrara Pan that he had personally dropped off two doctor's notes relating to his serious medical condition and his need to be absent from work.

21. The Company responded that Garcia's employment had been terminated, and asked him to leave the property. In response to Garcia's subsequent filing for unemployment compensation, the Company claimed that he had been terminated because of his absences.

## COUNT I – FMLA

22. Plaintiff incorporates Paragraphs 1 through 21, as if fully rewritten herein.

23. By the date that Garcia's need for FMLA began in or about August of 2006, he had been employed for Ferrara Pan for more than a year and worked at least 1,250 hours during the twelve months immediately proceeding the date when he first required leave.

24. Garcia's Peptic Ulcer Disease constitutes a "serious health condition" within the meaning of the Family and Medical Leave Act.

25. Garcia required time off from work due to his Peptic Ulcer Disease.

26. Garcia personally provided the Company with two doctor's notes indicating that he needed to be absent from work due to the Peptic Ulcer Disease.

27. These doctor's notes both placed the Company on notice that Garcia required FMLA leave due to his serious health condition.

28. Upon receiving such notice, the Company failed to provide Garcia with FMLA forms or otherwise inform him about his rights under the FMLA, as required by the FMLA.

4

29. During the relevant time, Garcia was in fact entitled to take FMLA leave due to his serious condition, and promptly informed Ferrara Pan of his serious health condition.

30. Ferrara Pan, however, did not provide Garcia with the leave to which he was entitled to under the FMLA.

31. Instead, Ferrara Pan terminated Garcia's employment because he was absent from work due to his serious health condition.

32. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employee benefits, and other expenses related to the fact that he was terminated from Ferrara Pan.

WHEREFORE, Plaintiff Garcia respectfully requests that this Court enter judgment in his favor and against Defendant Ferrara Pan by:

(a) Declaring that the acts and practices by Defendant Ferrara Pan as described herein constitute a violation of the Family and Medical Leave Act;

(b) Enjoining and permanently restraining these violations of the Family and Medical Leave Act;

(c) Awarding Garcia any available damages based upon Ferrara Pan's interference with his rights under the Family and Medical Leave Act, including an award of back pay;

(d) Awarding Garcia equitable damages, including front pay or reinstatement in the alternative to front pay;

(e) Awarding Garcia liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

(f)     Awarding reasonable attorneys' fees and costs incurred by Garcia in connection with Ferrara Pan's interference with the rights to which he was entitled under the Family and Medical Leave Act; and

(g)     Awarding Garcia such further and additional relief as the Court may deem just and proper.

Dated: July 11, 2008                              Respectfully Submitted,

Alejandro Caffarelli #06239078
Jessica J. Fayerman, #06286140
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150                        _____
Chicago, Illinois 60601                           One of Plaintiff's Attorneys
(312) 540-1230
(312) 540-1231                                    **JURY DEMAND**

Plaintiff demands a jury to hear and
decide all issues of fact.

_____
One of Plaintiff's Attorneys