UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE HUGO GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08CV3955 |
| ) | Judge Guzman |
| FERRARA PAN CANDY CO., INC., ) | Magistrate Judge Schenkier |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT AT LAW

Defendant, Ferrara Pan Candy Co., Inc. ("Ferrara Pan"), by and through its attorneys, herein states the following as its answer to the Plaintiff's Complaint at Law:

### NATURE OF ACTION

**PARAGRAPH NO. 1:**

This is an action for damages and injunctive relief caused by the Defendant's interference with Plaintiff's rights [sic] the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. § 2615.

**ANSWER:**

Defendant admits this is an action brought pursuant to the FMLA wherein Plaintiff seeks damages and injunctive relief. Defendant denies the remaining allegations contained in paragraph 1.

### JURISDICTION AND VENUE

**PARAGRAPH NO. 2:**

This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

**ANSWER:**

Defendant admits the allegations contained in paragraph 2.

**PARAGRAPH NO. 3:**

The unlawful employment practices described herein were committed within the State of Illinois, in one of Defendant's facilities in Forest Park, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Defendant admits venue is proper in the Northern District of Illinois.  Defendant denies the remaining allegations contained in paragraph 3.

**PARAGRAPH NO. 4:**

Plaintiff, Jose Hugo Garcia, is a resident of DuPage County, Illinois. He was employed by Defendant from in or about 1999 until on or about August 14, 2006. Plaintiff was an "employee" of Ferrara Pan within the meaning of 29 U.S.C. § 2611(2)(A) at the time he was terminated. Garcia is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Ferrara Pan employs more than 50 employees within 75 miles of his worksite.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the residency status of Mr. Garcia.  Defendant admits Garcia was employed by Ferrara Pan but denies he was employed in or about 1999 until August 14, 2006.  Defendant admits that Garcia was an "employee" and an "eligible employee" under the FMLA.

**PARAGRAPH NO. 5:**

Defendant Ferrara Pan is an Illinois corporation doing business in the State of Illinois, engaged in an industry affecting commerce with its facility located at 7301 Harrison Street, Forest Park, Illinois 60130-2016. Ferrara Pan was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

**ANSWER:**

Defendant admits the allegations contained in paragraph 5.

**FACTUAL ALLEGATIONS**

**PARAGRAPH NO. 6:**

Garcia began working for Defendant in or about 1999 as an assembly line worker. Throughout his employment, Garcia performed his job satisfactorily.

**ANSWER:**

Defendant denies the allegations contained in paragraph 6.

**PARAGRAPH NO. 7:**

In the year prior to August of 2006, Garcia had worked for Defendant on a full-time basis, and had worked more than 1,250 hours.

**ANSWER:**

Defendant admits the allegations contained in paragraph 7.

**PARAGRAPH NO. 8:**

After leaving work on Friday, August 4, 2006, Garcia began to feel extremely ill. Specifically, he began experiencing severe stomach pains. The pain was so severe that Garcia scheduled an appointment to see his doctor.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 8.

**PARAGRAPH NO. 9:**

On or about Monday, August 7, 2006, Garcia attended the appointment with his doctor prior to the start of his scheduled shift at Ferrara Pan. Garcia's doctor examined him and diagnosed him with Peptic Ulcer Disease.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 9.

**PARAGRAPH NO. 10:**

Peptic Ulcer Disease constitutes a "serious medical condition" within the meaning of the FMLA and requires continuing treatment by a physician.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 10.

**PARAGRAPH NO. 11:**

During his doctor's appointment on or about August 7, 2006, Garcia's doctor provided him with a doctor's note indicating that Garcia was totally incapacitated because of his Peptic Ulcer Disease and that, as a result, Garcia would not be able to return to work until the following Monday, August 14, 2006.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11.

**PARAGRAPH NO. 12:**

Shortly following the doctor's appointment, and prior to his scheduled shift, Garcia drove to Defendant's facility and personally left a copy of the doctor's note with a Company representative.

**ANSWER:**

Defendant denies the allegations contained in paragraph 12.

**PARAGRAPH NO. 13:**

Per his doctor's instructions, Garcia remained off of work the following week.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.

**PARAGRAPH NO. 14:**

On or about August 14, 2006, the day that Garcia was scheduled to return to work per his doctor's instructions, he had not yet recuperated.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.

**PARAGRAPH NO. 15:**

Garcia made another appointment with his doctor prior to his scheduled shift at Ferrara Pan, at which time his doctor examined him and provided him with another note indicating that

he was still unable to work due to Peptic Ulcer Disease, and that Garcia would not be able to return to work until the following Monday, August 21, 2006.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15.

**PARAGRAPH NO. 16:**

On or about August 14, 2006, the same day as his second doctor's appointment, Garcia once again drove to Defendant's facility and personally left a copy of the doctor's note with a Company representative.

**ANSWER:**

Defendant admits that on August 14, 2006, Garcia delivered a doctor's note to Ferrara Pan. Defendant lacks sufficient knowledge or information to from a belief as to the truth of the remaining allegations contained in paragraph 16.

**PARAGRAPH NO. 17:**

On or about August 21, 2006, per his doctor's instructions, Garcia had recuperated to the point where he felt healthy enough to work, and returned to work.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17.

**PARAGRAPH NO. 18:**

After arriving to work but before he clocked in that day, Garcia went to his employee mailbox to see if he had any work-related mail.

**ANSWER:**

Defendant denies the allegations contained in paragraph 18.

**PARAGRAPH NO. 19:**

In his box, Garcia found a letter from the Company, which he had not received in the mail and which was dated August 14, 2006. The letter was from the Company's human resources manager and stated, "I am in receipt of a doctor's note you hand delivered to our Receptionist

5

today (August 14). Due to the fact that you are no longer employed by Ferrara Pan Candy Company, I am returning your medical documentation back to you."

**ANSWER:**

Defendant denies the allegations contained in paragraph 19.

**PARAGRAPH NO. 20:**

After he read the letter, Garcia went to the human resources office to question why the letter indicated he was no longer employed by the Company and to remind Ferrara Pan that he had personally dropped off two doctor's notes relating to his serious medical condition and his need to be absent from work.

**ANSWER:**

Defendant denies the allegations contained in paragraph 20.

**PARAGRAPH NO. 21:**

The Company responded that Garcia's employment had been terminated, and asked him to leave the property. In response to Garcia's subsequent filing for unemployment compensation, the Company claimed that he had been terminated because of his absences.

**ANSWER:**

Defendant denies the allegations contained in paragraph 21.

### COUNT I - FMLA

**PARAGRAPH NO. 22:**

Plaintiff incorporates Paragraphs 1 through 21, as if fully rewritten herein.

**ANSWER:**

Defendant restates and incorporates by reference herein its answers to paragraphs 1 through 21 as its answer to paragraph 22.

**PARAGRAPH NO. 23:**

By the date that Garcia's need for FMLA began in or about August of 2006, he had been employed for Ferrara Pan for more than a year and worked at least 1,250 hours during the twelve months immediately proceeding the date when he first required leave.

6

**ANSWER:**

Defendant admits that prior to August 2006, Garcia had been employed by Ferrara Pan for more than a year and had worked at least 1,250 hours during the prior twelve month period. Defendant denies the remaining allegations contained in paragraph 23.

**PARAGRAPH NO. 24:**

Garcia's Peptic Ulcer Disease constitutes a "serious health condition" within the meaning of the Family and Medical Leave Act.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24.

**PARAGRAPH NO. 25:**

Garcia required time off from work due to his Peptic Ulcer Disease.

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25.

**PARAGRAPH NO. 26:**

Garcia personally provided the Company with two doctor's notes indicating that he needed to be absent from work due to the Peptic Ulcer Disease.

**ANSWER:**

Defendant denies the allegations contained in paragraph 26.

**PARAGRAPH NO. 27:**

These doctor's notes both placed the Company on notice that Garcia required FMLA leave due to his serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 27.

**PARAGRAPH NO. 28:**

Upon receiving such notice, the Company failed to provide Garcia with FMLA forms or otherwise inform him about his rights under the FMLA, as required by the FMLA.

**ANSWER:**

Defendant denies the allegations contained in paragraph 28.

**PARAGRAPH NO. 29:**

During the relevant time, Garcia was in fact entitled to take FMLA leave due to his serious condition, and promptly informed Ferrara Pan of his serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 29.

**PARAGRAPH NO. 30:**

Ferrara Pan, however, did not provide Garcia with the leave to which he was entitled to under the FMLA.

**ANSWER:**

Defendant denies the allegations contained in paragraph 30.

**PARAGRAPH NO. 31:**

Instead, Ferrara Pan terminated Garcia's employment because he was absent from work due to his serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 31.

**PARAGRAPH NO. 32:**

As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employee benefits, and other expenses related to the fact that he was terminated from Ferrara Pan.

**ANSWER:**

Defendant denies the allegations contained in paragraph 32.

WHEREFORE, Defendant, Ferrara Pan Candy Co., Inc. denies Plaintiff is entitled to any relief whatsoever and request that Plaintiff's claim be dismissed in its entirety.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff alleges that he has suffered a loss of benefits and lost wages. Plaintiff has an obligation to mitigate his damages. To the extent that Plaintiff has failed to reduce and/or mitigate his damages, Plaintiff's damages should be reduced or barred.

2. Plaintiff alleges that he is entitled to lost benefits and wages. Plaintiff's claim for past, present and future loss of earnings and benefits, is subject to a set-off for any interim earnings or benefits received by Plaintiff.

3. Plaintiff waited until the very end of the statute of limitations to file his pending claim. Plaintiff's delay in filing suit is unreasonable under the principles of laches and his claim should be barred in whole or in part due to his unreasonable delay and the resultant prejudice to Defendant.

Dated: August 26, 2008                                    FERRARA PAN CANDY CO., INC.

                                                          By:    /s/James J. Convery

James J. Convery
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
jconvery@lanermuchin.com

**CERTIFICATE OF SERVICE**

      I, James J. Convery, an attorney, hereby certify that on August 26, 2008, I caused to be served a copy of the foregoing **Answer to Complaint at Law**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the party of record listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

            Alejandro Caffarelli
            Jessica J. Fayerman
            Caffarelli & Siegel Ltd.
            Two Prudential Plaza
            180 North Stetson, Suite 3150
            Chicago, IL  60601
            a.caffarelli@caffarelli.com
            j.fayerman@caffarelli.com

                                  /s/James J. Convery
                                  James J. Convery